FILED

2023 Aug-28  AM 08:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY WIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00494-MHH-HNJ |
| | ) | |
| SCOTTY SHAFFER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OPINION</u>

On October 31, 2022, the Magistrate Judge entered a report (Doc. 5) in which he recommended that the Court dismiss without prejudice petitioner Jerry Wiggins's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, because this Court lacks jurisdiction over Mr. Wiggins's successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A).   Mr. Wiggins has objected to the Magistrate Judge's recommendation.  (Doc. 11).[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

---

[1] On December 21, 2022, the Court received unsigned objections from Mr. Wiggins.  (Doc. 10, pp. 5-6).  On December 27, 2022, the Court received Mr. Wiggins's signed objections.  (Doc. 11).

which objection is made."  28 U.S.C. § 636(b)(1)  A district court's obligation to

"'make a de novo *determination* of those portions of the report or specified proposed

findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting

28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those

issues to which specific objection has been made by a party,'" 447 U.S. at 675

(quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447

U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Wiggins argues this Court should hear his habeas

petition because the claims he asserts were not ripe until the United States Supreme

Court issued its decision in *Martinez v. Ryan*, 566 U.S. 1 (2012).  (Doc. 11, pp. 1-

2).  In *Martinez*, the Supreme Court recognized a narrow exception to the general

rule that an attorney's ignorance or inadvertence in a postconviction collateral

proceeding does not constitute cause to excuse procedural default.

Mr. Wiggins's relies on the *Martinez* decision pursuant to 28 U.S.C. §

2244(b)(2)(A), which provides:  "A claim presented in a second or successive habeas

corpus application under section 2254 that was not presented in a prior application

shall be dismissed unless (A) the applicant shows that the claim relies on a new rule

of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable."   As the Magistrate Judge stated in his

report, even if Mr. Wiggins's habeas claim qualifies for an exception in §

2

2244(b)(2)(A), Mr. Wiggins still must obtain permission from the United States Court of Appeals for the Eleventh Circuit to file a second habeas petition based on the same state court conviction.  (Doc. 5, p. 6) (citing *Sughrue v. Florida*, 722 Fed. Appx. 895, 897 (11th Cir. 2018)).

Therefore, the Court adopts the Magistrate Judge's report and accepts his recommendation.  By separate order, the Court will dismiss this habeas proceeding for lack of jurisdiction.  Mr. Wiggins may re-file his § 2254 habeas petition if he receives permission from the Eleventh Circuit Court of Appeals to file a successive petition.

**DONE** and **ORDERED** this August 28, 2023.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE